PNC BANK, N.A., successor to RBC Bank )
(USA), formerly known as RBC Centura  )
Bank,                                 )
          Plaintiff,                  )
                                      )
     v.                               )     ORDER
                                      )
WELSH REALTY, LLC, WELSH PAPER        )
COMPANY, K. GORDON WELSH, and         )
PEGGY B. WELSH,                       )
          Defendants.                 )

This cause comes before the Court on defendants' amended motion to dismiss pursuant to Rules 12(b)(1), (3), and (6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants' have replied, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion is denied.

## BACKGROUND

RBC Centura Bank made a loan to Welsh Realty in November 2006 in the amount of $3,119,000; the principal of this note was increased to $3,216,691 in September 2007. In February 2008, RBC Centura made a second loan to Welsh Realty in the amount of $860,000. Both notes were guaranteed by defendants Welsh Paper Company, K. Gordon Welsh, and Peggy B. Welsh.

In March 2012, RBC Centura, then renamed RBC Bank, merged into PNC Bank. Both notes required that all obligations thereunder would be repaid to PNC on or before February 20, 2013. After the obligations under both notes were not timely paid by either the borrower or the

guarantors, PNC filed an action in this Court on the basis of its diversity jurisdiction. 28 U.S.C. § 1332.

## DISCUSSION

Defendants moved to dismiss this action for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (3), & (6). In their reply to plaintiff's response to the instant motion, defendants have withdrawn their motion to dismiss pursuant to Rule 12(b)(6). The Court addresses defendants' remaining bases for dismissal in turn.

## I. DIVERSITY JURISDICTION EXISTS

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Diversity jurisdiction exists in cases between citizens of different states where the amount in controversy exceeds $ 75,000 exclusive of interests and costs. 28 U.S.C. § 1332. In determining whether diversity jurisdiction is satisfied, courts have long required that complete diversity, meaning that no party shares citizenship with any opposing party, exist. *Mayes v.*

2

*Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). It is undisputed that defendants are citizens of North Carolina; defendants dispute PNC's assertion that it is a citizen of another state.

PNC has alleged that it is a national bank chartered under the laws of the United States. National banking associations are deemed to be citizens of states in which they are located. 28 U.S.C. § 1348. National banks are "located" for diversity jurisdiction purposes "in the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). PNC has alleged that its home office, as set forth in its articles of association, is located in the State of Delaware. Although defendants would contend that PNC's denomination in its complaint of its "home office" as opposed to is "main office" is somehow fatal to establishing citizenship, the Court finds it to be a distinction without a difference. PNC has sufficiently plead that it is a citizen of Delaware for purposes of diversity jurisdiction.

Defendants' further contention that, because the loans originated with RBC Centura, a North Carolina corporation, no diversity of citizenship exists, is also without merit. Citizenship of the parties to a lawsuit is determined at the time that suit is filed. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 57-71 (2004). At the time this lawsuit was filed, RBC Bank (formerly known as RBC Centura) had been merged with PNC. It is the citizenship of the surviving entity after merger that controls when determining diversity of citizenship. *See e.g. Wilkins v. Wachovia Corp.*, No. 5:10-CV-249-D, 2011 WL 902031 *3 (E.D.N.C. Feb. 28, 2011) (memorandum and recommendation adopted in relevant part by 2011 WL 1134706 (E.D.N.C. March 24, 2011)); *PNC Bank N.A. v. Gaskill*, No. 2:13-CV-30-BR, 2013 WL 5183032 *1 (E.D.N.C. Sept. 12, 2013) (citing *Mirales v. Wells Fargo Bank, N.A.*, 845 F. Supp.2d 1034, 1046 n.75 (C.D.Cal. 2012)). The Court has determined that PNC is a citizen of Delaware for purposes

3

of diversity, and defendants' motion to dismiss for lack of diversity jurisdiction is therefore denied.

## II. VENUE IS PROPER

Defendants concede that venue is proper under 28 U.S.C. § 1391, but contend that the forum selection clause in the loan documents requires that the action be filed in Wake County, North Carolina. The relevant clause states "Choice of Venue. If there is a lawsuit, Borrower [Guarantor] agrees upon Lender's request to submit to the jurisdiction of the courts of Wake County, State of North Carolina." [DE 1 at Ex. A-J].

A plain reading of the choice of venue provision reveals that suit must be brought in Wake County *only upon* a request of such by the lender. The lender, PNC, has elected to file suit in this Court as opposed to Wake County, and doing so in no way violates the choice of venue provision. *See e.g. S & D Coffee, Inc. v. GEI Autowrappers*, 995 F. Supp. 607, 609 (M.D.N.C. 1997) (discussing permissive forum selection clauses as merely waivers of objections to personal jurisdiction in a particular court, to be distinguished from mandatory forum selection clauses which require suit to be brought only in the designated forum). Defendants' motion to dismiss for improper venue is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' amended motion to dismiss [DE 11] is DENIED.

SO ORDERED, this ___ day of October, 2013.

Terrence W. Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4