IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-203-BO

PNC BANK, N.A., successor to RBC Bank )
(USA), formerly known as RBC Centura )
Bank, )
                Plaintiff, )
  )
        v. )     **O R D E R**
  )
WELSH REALTY, LLC, WELSH PAPER )
COMPANY, K. GORDON WELSH, and )
PEGGY B. WELSH, )
                Defendants. )

      This cause comes before the Court on plaintiff's amended motion to strike defendants'

affirmative defenses [DE 33] and amended motion to dismiss defendants' counterclaims [DE

31]. Defendants have responded to the motions [DE 38], plaintiff has replied [DE 39], and the

matter is ripe for ruling. For the reasons discussed below, plaintiff's motions are GRANTED.

## BACKGROUND

      RBC Centura Bank made a loan to Welsh Realty in November 2006 in the amount of

$3,119,000; the principal of this note was increased to $3,216,691 in September 2007. In

February 2008, RBC Centura made a second loan to Welsh Realty in the amount of $860,000.

Both notes were guaranteed by defendants Welsh Paper Company, K. Gordon Welsh, and Peggy

B. Welsh.

      In March 2012, RBC Centura, then renamed RBC Bank, merged into PNC Bank. Both

notes required that all obligations thereunder would be repaid to PNC on or before February 20,

2013. After the obligations under both notes were not timely paid by either the borrower or the

1

guarantors, PNC filed an action in this Court on the basis of its diversity jurisdiction. 28 U.S.C. §

1332. On October 2, 2013, the Court denied defendants' motion to dismiss for lack of jurisdiction,

failure to state a claim, and for improper venue. Fed. R. Civ. P. 12(b)(1), (3), & (6). Defendants

subsequently filed their answer, which included affirmative defenses and counterclaims alleging

that PNC fraudulently induced defendants to enter into the loan agreements by agreeing to

specific conditions which were not included in the subsequent loan agreements. [DE 28].

## DISCUSSION

Before the court are plaintiff's amended motions to dismiss defendants' counterclaims

[DE 31] and to strike defendants' affirmative defenses [DE 33]. The Court first addresses

plaintiff's motion to dismiss counterclaims, followed by plaintiff's motion to strike.

I.     DEFENDANTS' COUNTERCLAIMS ARE DISMISSED.

Defendants raise three counterclaims: 1) violation of the Equal Credit Opportunity Act; 2)

fraud; and 3) violation of the North Carolina Unfair and Deceptive Trade Practices Act. Plaintiff

filed a motion to dismiss all three counterclaims. The Court addresses plaintiff's bases for

dismissal in turn.

A.  Equal Credit Opportunity Act Claim.

Plaintiff's motion to dismiss alleges that defendants' counterclaim under the Equal Credit

Opportunity Act is untimely. In their response, defendants concede that the claim is untimely

regardless of whether it is a two-year statute of limitations under 15 U.S.C. § 1691e(f)(2010), or a

five-year statute of limitations pursuant to the Dodd Frank Act, Pub.L. No. 111-203, 124 Stat.

1376 (2010). Without deciding which statute of limitations applies, the Court grants plaintiff's

motion to dismiss the counterclaim arising from the Equal Credit Opportunity Act because the

claim is untimely under either statute of limitations.

2

B.  Fraud and North Carolina Unfair and Deceptive Trade Practices Act Claims.

Plaintiff moved for dismissal of defendants' remaining counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)). A court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, a complain must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.  A federal court sitting in diversity must apply the substantive law of the forum state—here, North Carolina. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97 (1941); *Colgan Air, Inc. v. Raytheon Aircraft Co.,* 507 F.3d 270, 275 (4th Cir.2007) (per curiam).

Here, plaintiff is entitled to a dismissal of defendants' fraud claim under Federal Rule of Civil Procedure 12(b)(6) because defendants have failed to sufficiently plead facts manifesting their plausible right to relief. In North Carolina, the elements of fraud are "(1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, and (5) resulting in damage to the injured party" where "any reliance on the allegedly false representations must be reasonable." *Forbis v. Neal*, 649

3

S.E.2d 382, 387 (N.C. 1992). The reasonableness of a party's reliance is typically a jury question, "unless the facts are so clear that they support only one conclusion. *Id.*

One scenario where the facts permit only one conclusion arises where a party claims to reasonably rely on alleged oral representations that are either omitted from or contradicted by a written contract. *Int'l Harvester Credit Corp. v. Bowman*, 316 S.E.2d 619, 621 (N.C. Ct. App. 1984); *see also Caper Corp. v. Wells Fargo Bank*, No. 13–2152, 2014 WL 3511928, at *6 (4th Cir. July 17, 2014). In order to reasonably rely on a representation "the recipient of a representation must use reasonable care to ascertain the truth of that representation in order to reasonably rely on the same." *Id.* A party who signs a written contract "is under a duty to ascertain its contents, and in the absence of a showing that he was willfully misled or misinformed . . . as to those contents, or that they were kept from him in fraudulent opposition to his request, he is held to have signed with full knowledge and assent as to what is therein contained." *Harris v. Bingham*, 97 S.E.2d 456, 454 (N.C. 1957). Where a party "could have discovered the truth [about the misrepresentation] upon inquiry, the complaint must allege that [the plaintiff] was denied the opportunity to investigate or . . . could not have learned the true facts by exercise of reasonable diligence" in order to survive a motion to dismiss. *Caper Corp.* at *6, citing *Pinney v. State Farm Mut. Ins. Co.*, 552 S.E. 2d 186, 192 (N.C. Ct. App. 2001).

Defendants' fraud claim is predicated upon Mr. Welsh's allegations that he agreed to refinance his loans with RBS Centura on the conditions that RBC lower interest rates whenever market interest rates decreased and that RBC never call the loans due as long as payments were being made. [DE 18, Counterclaim at ¶ 26]. Defendants concede that these alleged conditions were not in the loan documents, which were executed after the conversation regarding the conditions. [*Id.* at ¶ 32]. Defendants did not allege that they were denied the opportunity to

4

investigate or could not have learned the true facts of the agreement. Even accepting that plaintiff

orally agreed to the conditions, defendant cannot establish that it justifiably relied on that

misrepresentation as a matter of law, because the conditions were not in the subsequently

executed loan agreements.

Defendants' unfair and deceptive trade practices claim under North Carolina law is

predicated on the alleged fraud. [*Id.* at ¶¶ 35–40]. As defendants' fraud claim fails to state a claim

as a matter of law, the unfair practices claim is unsupportable and similarly warrants dismissal.

II.    ALL AFFIRMATIVE DEFENSES EXCEPT FOR PLAINTIFF'S ALLEGED VIOLATION OF THE
       EQUAL CREDIT OPPORTUNITY ACT ARE STRICKEN.

In their response to plaintiff's amended motion to strike the affirmative defenses,

defendants agreed that all defenses other than the affirmative defense of plaintiff's violation of the

Equal Credit Opportunity Act should be stricken. As the parties agree that the affirmative

defenses of material misrepresentation, equitable estoppel, laches, unclean hands/bad faith, failure

to mitigate, and illegality should be stricken, the Court strikes these affirmative defenses. The

only remaining affirmative defense raised by defendants is plaintiff's violation of the Equal Credit

Opportunity Act, which plaintiff has not moved to strike.[1]

---

[1] Plaintiff's motion to strike argues that either illegality or violation of the Equal Credit
Opportunity Act should be stricken. [DE 33 at 1]. As the defense of illegality is hereby stricken,
the Court does not interpret plaintiff's motion as requesting that defendants' affirmative defense
of plaintiff's violation of the Equal Credit Opportunity Act be stricken.

## CONCLUSION

For the foregoing reasons, plaintiff's amended motion to strike [DE 33] is GRANTED, and plaintiff's amended motion to dismiss [DE 31] is GRANTED.

SO ORDERED.

This the _4_ day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE